FILED

JUL 3 1 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMA AMABILIA LOPEZ-SALES, on both her behalf and as next friend on behalf of her child, "D," <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON BEAUREGARD SESSIONS, III, in his individual capacity and in his official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 18-cv-1700 (BAH) <br><br> Chief Judge Beryl A. Howell |

## ORDER

Pending before the Court is plaintiff Norma Amabilia Lopez-Sales's Motion to Seal certain address information for the plaintiff ("Pl.'s Mot."), ECF No. 4, which information is included in the sealed Exhibit A to the plaintiff's motion. *See* LCvR 40.7(g) (stating that the Chief Judge shall "hear and determine . . . motions in any case not already assigned" including "motion[s] to seal the complaint"); LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). The plaintiff's motion is granted.

Generally, "[t]he first filing by or on behalf of a party shall have in the caption the . . . full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." LCvR 5.1(c)(1). Courts have, in special circumstances, permitted a party to file such information under seal when a court determines that the plaintiff's privacy interests outweigh "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC). In balancing these competing interests,

1

"[t]he starting point" is "a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  The six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), that courts should consider in determining whether that presumption may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

Here, the plaintiff seeks to maintain her personal address information under seal.  Pl.'s Mot. at 1.  The need for public access to this information is low, and this information has not previously been disclosed to the public.  In addition, the plaintiff's privacy interests are strong.  The plaintiff, an asylum seeker who established a credible fear of torture during her credible fear interview with the Department of Homeland Security, *see* Compl., Ex. 14, Record of Determination/Credible Fear Worksheet at 4, ECF No. 1-16, "fears being located by the people she was fleeing," Pl.'s Mot. ¶ 4.  In addition, the plaintiff avers that "[t]his case has gained media attention" and that she wishes to "ensure that media and others do not have her address."  The government has not objected to this sealing request.  Thus, at this early stage of litigation, the Court is persuaded that the plaintiff has met her burden of showing that her privacy interests in maintaining her personal address under seal outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in the plaintiff's address is *de minimis* compared to the significant risk of deadly violence to which public

identification of this information might expose the plaintiff and her family. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))). Accordingly, it is hereby

  **ORDERED** that the plaintiff's Motion to Seal is **GRANTED**.

  Date: July 31, 2018

                  BERYL A. HOWELL
                  Chief Judge