UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| )<br>BEATA MARIANA DE JESUS MEJIA-MEJIA,   )<br>)<br>    Plaintiff,   )<br>)<br>    v.   )<br>)<br>U.S. IMMIGRATION AND CUSTOMS   )<br>  ENFORCEMENT, et al.,   )<br>)<br>    Defendants.   )<br>) | Civil Action No. 18-1445 (PLF) |
| )<br>CLAUDIA ARELY MOLINA DE RAMIREZ,   )<br>)<br>    Plaintiff,   )<br>)<br>    v.   )<br>)<br>JEFFERSON BEAUREGARD SESSIONS, III,   )<br>  in his official capacity as Attorney General   )<br>  of the United States, et al.,   )<br>)<br>    Defendants.   )<br>) | Civil Action No. 18-1516 (PLF) |
| )<br>NORMA AMABILIA LOPEZ-SALES,   )<br>)<br>    Plaintiff,   )<br>)<br>    v.   )<br>)<br>JEFFERSON BEAUREGARD SESSIONS, III,   )<br>  in his official capacity as Attorney General   )<br>  of the United States, et al.,   )<br>)<br>    Defendants.   )<br>) | Civil Action No. 18-1700 (PLF) |

ORDER

The Court currently has before it three related cases that have been filed by the

law firm of McFadden & Shoreman, LLC:  Civil Action No. 18-1445, Mejia-Mejia v. ICE; Civil

Action No. 18-1516, Ramirez v. Sessions; and Civil Action No. 18-1700, Lopez-Sales v.

Sessions.  In each of these cases, the same Georgia attorney, Mario B. Williams, was granted

leave to appear pro hac vice.  Civil Action No. 18-1445 was randomly assigned to the

undersigned in the ordinary course.  Civil Action Nos. 18-1516 and 18-1700 were transferred to

the undersigned by other judges of this Court as related cases.  In neither of these latter cases did

plaintiffs' counsel identify them as related cases under Local Civil Rule 40.5.  The Court issues

this Order to remind counsel of their obligations under the Court's Local Rules.

Local Civil Rule 40.5(a)(3) provides that civil cases are related when they involve

"common issues of fact" or "grow out of the same event or transaction."  Local Civil Rule 40.5

provides an exception to the random assignment system and is based on the need for judicial

economy.  As Judge Lamberth has explained:  "It will often prove wasteful of time and resources

for two judges to be handling cases that are so related that they involve common factual issues or

grow out of the same event or transaction."  See Tripp v. Exec. Office of President, 196 F.R.D.

201, 202 (D.D.C. 2000).

Recently, in Singh v. McConville, 187 F. Supp. 3d 152 (D.D.C. 2016), Chief

Judge Howell held that related case status was appropriate because the court would "be required

to make similar factual determinations in both cases related to the defendants' process for issuing

religious accommodations, the defendants' justifications for their regulations and policies, and

the defendants' discriminatory conduct and/or intent, if any."  See id. at 156.  In addition, both

cases sought essentially the same relief, including a permanent injunction.  See id. at 157.  See

2

also Autumn Journey Hospice, Inc. v. Sebelius, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (Urbina,

J.); Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton, 211 F. Supp. 2d 157,

158 (D.D.C. 2002) (Lamberth, J.).

        Henceforth, if counsel file any additional cases in this Court, they are required to

read and follow the Local Rules.  They may decline to designate cases as related only if they

believe in good faith, consistent with their professional responsibilities as officers of the Court,

that the cases are genuinely not related.

        SO ORDERED.


                               _____/s/_____

                               PAUL L. FRIEDMAN

DATE:  August 7, 2018                United States District Judge